**EXHIBIT A**

| | | |
|---|---|---|
| LAFRENIERE MORRIS, | * | SUIT NO. 642183 B |
| | * | |
| *Plaintiff,* | * | |
| | * | 1ST JUDICIAL DISTRICT COURT |
| vs. | * | |
| | * | |
| FOREMOST INSURANCE COMPANY | * | |
| GRAND RAPIDS, MICHIGAN, | * | PARISH OF CADDO |
| | * | |
| *Defendant* | * | |
| | * | STATE OF LOUISIANA |
| | * | |

FILED: _____     _____

                                     **DEPUTY CLERK**

---

### PETITION FOR DAMAGES

---

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff homeowner in this matter LAFRENIERE MORRIS ("Plaintiff"), who respectfully files this *Petition for Damages* herein against the Defendant insurer, FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN (hereinafter, "Defendant"), on the grounds and for the reasons set forth below, to wit:

<u>PARTIES</u>

1.

Plaintiff LAFRENIERE MORRIS ("Plaintiff") is a person of the full age of majority and is domiciled in Caddo Parish, State of Louisiana, and at all times relevant herein was the owner of the insured property at issue in this matter, located at 3216 Junior Place, Shreveport, Louisiana 71109 (the subject "Property"), which, at all times relevant and material to this matter, was insured against property damage by a policy of insurance issued and maintained by Defendant, bearing policy number 0068629368 (the subject "Policy").

2.

Made and named as defendant herein is FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN ("Defendant"), a domestic insurance corporation incorporated under the laws of the State of Louisiana with a domicile address located in Caledonia, Michigan, and which may be served through its registered agent for service of process, Louisiana Secretary Of State, 8585 Archives Avenue, Baton Rouge, LA 70809.

PGS _____ EXH _____ MIN _____
CC _____ CP _____ MAIL _____ N/J _____
INDEX _____ REC _____ FAX _____
W/D DOC _____ CERT MAIL _____
SERVICE _____

Page 1 of 8

Petition for Damages
LAFRENIERE MORRIS VS. FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN



JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction to hear the actions presented in this suit.

4.

This Court has personal jurisdiction over Defendant because Defendant does business in the State of Louisiana, and because the policy of property insurance at issue in this case provides coverage for property that is situated in this Parish.

5.

Venue is proper herein pursuant to La. C.C.P. art. 76 because the insured property loss at issue occurred in Caddo Parish, and because Plaintiff is domiciled in Caddo Parish.

FACTUAL BACKGROUND

6.

At all times relevant to this matter, Defendant maintained a policy of property insurance providing coverage for the Plaintiff's Property (the subject "Property") as identified above in ¶ 1, bearing policy number 0068629368 (the subject "Policy").

7.

Plaintiff's Policy, at all times relevant and material to the case, constituted a contract between Plaintiff and Defendant.

8.

Plaintiff fully performed at all times under the Policy, including by paying all premiums when due and satisfying all other Policy requirements, and such Policy was in full force and effect on February 16, 2021.

9.

On or about February 16, 2021, Winter Storm Uri (the subject "Storm") caused extensive physical damage to the Plaintiff's Property.

10.

At the time of the Storm, the Plaintiff's Policy was in full force and effect and provided coverage for the specific type of damage to the Property that was caused by said Storm.

11.

Petition for Damages
LAFRENIERE MORRIS VS. FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN

As a consequence of the Storm, Plaintiff has incurred and/or will incur significant expenses to restore the Property to its pre-storm conditions.

12.

Following the Storm, Plaintiff timely gave notice of and reported the covered damages and losses to Defendant and properly submitted to Defendant claims for insurance proceeds owed under Plaintiff's Policy.

13.

After being notified by the Plaintiff of damages and losses to the Property caused by the Storm, Defendant scheduled and conducted an inspection of the Property, giving Defendant, at that time, both actual and satisfactory proof of the losses and the covered damages sustained by said Property.

14.

Invariably, the Defendant's inspection of the Plaintiff's Property and corresponding adjustments of the covered losses was wholly deficient, resulting in an estimate of damages which grossly misrepresented the true nature, scope, and/or extent of the covered damages to the Property caused by the subject Storm.

15.

Despite having proof of the true nature, scope, and extent of the damages to the Property caused by the Storm, Defendant arbitrarily and capriciously refused to honor its obligations under the Plaintiff's Policy, including, among other ways, by systematically denying and/or underpaying Plaintiff's insurance claims, and by failing to pay the full amounts due and owing to Plaintiff under the Policy within time periods prescribed by law.

16.

Defendant has since continued unfairly and improperly in delaying action and denying the full payments owed to Plaintiff under the Policy, all of which still remains due and owing to Plaintiff under the subject Policy.

17.

As a result of Defendant's vexatious refusal to pay each of the Plaintiff's claims fairly and promptly and to otherwise perform under the Policy, including, but not limited to, its failures

to timely pay all amounts owed to the Plaintiff under the Policy, Plaintiff has suffered and continues to suffer considerable damages for which Defendant is now liable.

## BREACH OF CONTRACT

### 18.

Plaintiff repeats and re-alleges each and every allegation set forth above as if copied and restated herein *in extenso*.

### 19.

Plaintiff's Policy, delineated above, at all times relevant and material to the case, constituted a contract between Plaintiff and this Defendant.

### 20.

Plaintiff fully performed at all times under the Policy, including by paying all premiums when due and satisfying all other Policy requirements, and such Policy was in full force and effect on February 16, 2021.

### 21.

Despite having received satisfactory proof of the losses and covered damages to the Property caused by the Storm, Defendant denied and/or grossly underpaid the Plaintiff's insurance claim and, in so doing, breached its contractual obligations to timely pay all amounts owed under the Policy.

### 22.

In particular, Defendant materially breached and failed to perform under the Policy by, among other ways: **a)** not thoroughly investigating the Plaintiff's claims; **b)** providing and relying upon unrealistic and arbitrary estimates of the value of the covered damages; **c)** arbitrarily dismissing obvious damage caused by the subject Storm; **d)** denying all or part of, and/or grossly underpaying each of the Plaintiff's claims despite obvious covered damages; **e)** not tendering the reasonable and necessary proceeds due under the Policy in a timely fashion to repair the covered damages to the Property; **f)** failing to timely and unconditionally tender the undisputed amounts owed under the Plaintiff's Policy for the losses and damages covered; and/or **g)** not acting reasonable under the circumstances.

### 23.

Petition for Damages
LAFRENIERE MORRIS VS. FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN

Further, Defendant's conduct in the handling and adjustment of the Plaintiff's claims, including, but not limited to, its vexatious refusal and failure to timely pay all sums clearly owed under the Policy, has been arbitrary, capricious, and without probable cause.

### 24.

As a result of Defendant's continuing breaches of its contractual duties under the Policy, Plaintiff has suffered and continues to suffer both general and special damages for which Defendant is now liable; this includes, but not limited to, all amounts owed under the Policy that remain unpaid, all costs associated with recovering, repairing and/or replacing the covered Property, plus the increased repair and replacement costs due to market inflation, as well as all mitigation costs, additional living expenses, and all other amounts owed under all applicable coverages, plus general damages for delay, mental anguish, emotional distress and inconvenience, plus statutory penalties on all amounts owed but not timely paid under La. R.S. 22:1892 and La. R.S. 22:1973, discussed *infra*, plus reasonable attorneys' fees and costs, together with interest and all other damages that Plaintiff may prove as allowed by law.

### STATUTORY VIOLATIONS AND PENALTIES UNDER LA. R.S. 22:1892 AND LA. R.S. 22:1973

### 25.

Plaintiff repeats and re-alleges each and every allegation set forth above as if copied and restated herein *in extenso*.

### 26.

La. R.S. 22:1892 expressly obligates a property insurer issuing policies in the State of Louisiana, such as Defendant here, to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss from the insured," La. R.S. 22:1892(A)(1), and further, to "make a written offer to settle any property damage claim ... within thirty days after receipt of satisfactory proofs of loss of that claim." La. R.S. 22:1892(A)(4). The same statute further provides that an insurer's failure to do so shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent (50%) damages on the amount found to be due, "as well as reasonable attorney fees and costs." La. R.S. 22:1892(B)(1).

### 27.

Defendant failed to pay all of the amounts owed to the Plaintiff under the Policy within

thirty (30) days of receiving satisfactory proof of the covered losses in direct violation of La. R.S. 22:1892, and Plaintiff remains entitled to all such amounts owed under the Policy that remain unpaid.

**28.**

Specifically, Defendant breached its statutory obligations owed to the Plaintiff herein under La. R.S. 22:1892 by **a)** failing to pay the Plaintiff the full amount owed under the Policy within thirty (30) days of receiving satisfactory proof of the covered losses, and further, in most cases herein, by **b)** failing to make a written offer to settle the Plaintiff's claims within thirty (30) days after receiving satisfactory proofs of the losses.

**29.**

Consequently, pursuant to La. R.S. 22:1892, Defendant is now liable unto Plaintiff herein for all amounts owed under the Policy that remains unpaid, plus, an additional statutory penalty of 50% of each such amount, plus "reasonable attorney fees and costs." La. R.S. 22:1892(B)(1).

**30.**

Additionally, La. R.S. 22:1973 further imposes on property insurers issuing policies in Louisiana, such as Defendant here, a general duty of "good faith and fair dealing," specifically including "an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured." La. R.S. 22:1973(A). This general duty further specifically includes, among other things, an obligation not to misrepresent pertinent facts, and an obligation to pay the full amount of any claim due an insured within sixty (60) days after receipt of satisfactory proof of loss. *See* La. R.S. 22:1973(B). Any insurer who breaches these obligations is liable for damages sustained as a result of the breach, as well as a penalty of up to "two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C).

**31.**

Defendant plainly breached its statutory duties of good faith and fair dealing set forth in La. R.S. 22:1973 by, among other ways: **a)** failing to adjust each of the Plaintiff's claims fairly and promptly; **b)** failing to make a reasonable effort to settle Plaintiff's claim(s); **c)** arbitrarily and capriciously, and without probable cause, failing to pay the full amount of the claim owed to

the Plaintiff under the Policy within sixty (60) days of having received satisfactory proof of the losses; and d) making misrepresentations of pertinent facts concerning the amounts owed and the extent of coverage under the Policy. *See* La. R.S. 22:1973(A)-(B).

### 32.

As a consequence of Defendant's breaches of its statutory duties set forth under La. R.S. 22:1973, Defendant is now additionally liable unto the Plaintiff for all of the general and special damages sustained by Plaintiff as a result of said breaches, including, but not limited to, all amounts owed under the Policy that remain unpaid, plus an additional statutory penalty of "two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C).

### 33.

Defendant was, is, and continues to be in violation of both La. R.S. 22:1892 and La. R.S. 22:1973 and is thus liable unto Plaintiff for general and special damages, statutory penalties, attorneys' fees, interest and costs, all as is specifically intended and allowed for under said statutes and applicable Louisiana law.

### 34.

Indeed, as a result of Defendant's continuing breaches of both its legal and contractual duties, Plaintiff has suffered and continues to suffer both general and special damages for which Defendant is now liable; this includes, but not limited to, all amounts owed under the Policy that remain unpaid, all costs associated with recovering, repairing and/or replacing the covered Property, plus the increased repair and replacement costs due to market inflation, as well as all mitigations costs, additional living expenses, and all other amounts owed under all applicable coverages, plus general damages for delay, mental anguish, emotional distress and inconvenience, plus statutory penalties on all amounts owed but not timely paid under La. R.S. 22:1892 and La. R.S. 22:1973, including reasonable attorneys' fees and costs, together with interest and all other damages that Plaintiff may prove as allowed by law.

### JURY DEMAND

### 35.

Pursuant to La. C.C.P. art. 1733, Plaintiff hereby requests a trial by jury.

**WHEREFORE,** on the basis of the above and foregoing, Plaintiff brings this action in respectfully praying as follows:

a)    That the named defendant herein, FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN ("Defendant"), be served with a copy of this Petition and be duly cited to appear herein and answer the same;

b)    That after all due proceedings are had, judgment be entered herein in favor of Plaintiff, and against Defendant, finding Defendant in breach of the subject insurance Policy and in violation of applicable law, and thus awarding to the Plaintiff all damages that are reasonable in the premises, including, but not limited to, all benefits and amounts due under the subject insurance Policy, plus all statutory penalties, attorneys' fees, interest and costs owed under La. R.S. 22:1892 and La. R.S. 22:1973, together with legal interest thereon from the date of judicial demand until fully paid, all as afforded under applicable law; and

c)    For all orders, decrees, and other general and equitable relief to which Plaintiff may be entitled and/or which this Court may deem appropriate in the premises.

Respectfully Submitted:
**MCCLENNY MOSELEY & ASSOCIATES, PLLC**

**R. William Huye, III, LA Bar No. 38282**
**Claude F. Reynaud III, LA Bar No. 31534**
**Cameron Snowden, LA Bar No. 35333**
**Grant Gardiner, LA Bar No. 39888**
1820 St. Charles Ave., Suite 110
New Orleans, Louisiana 70130
Principal Office: (713) 334-6121
Facsimile: (713) 322-5953
William@mma-pllc.com
Claude@mma-pllc.com
Cameron@mma-pllc.com
Ggardiner@mma-pllc.com

*Attorneys for Plaintiff*

**PLEASE SERVE:**

FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,
*through its Registered Agent for Services of Process:*
Louisiana Secretary Of State, 8585 Archives Avenue, Baton Rouge, LA 70809



Petition for Damages
LAFRENIERE MORRIS VS. FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN

# State of Louisiana
## Secretary of State

03/07/2023

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

FOREMOST INSURANCE COMPANY
C/O DENNIS R. SQUIBB- MC 1461
P.O. BOX 2450
GRAND RAPIDS, MI  49501

National

MAR 1 5 2023

Document Center

Suit No.: 642183
1ST JUDICIAL DISTRICT COURT
CADDO PARISH

LAFRENIERE MORRIS
vs
FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN                         Date: 03/06/2023
Served by: M. LOCKWOOD                            Title: DEPUTY SHERIFF

No: 1275714

TG

sharonn                                                                    CPCC.CV.4014700

# Citation

LAFRENIERE MORRIS                          NO. 642183– B
    VS                                 STATE OF LOUISIANA
FOREMOST INSURANCE COMPANY GRAND           PARISH OF CADDO
RAPIDS MICHIGAN

                                        FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    FOREMOST INSURANCE COMPANY GRAND RAPIDS
                               MICHIGAN
                               THRU HONORABLE SECRETARY OF STATE    **SERVED ON**
                               BATON ROUGE, LA 70809                **R. KYLE ARDOIN**

                                                                   **MAR 0 6 2023**

                                                          **SECRETARY OF STATE**
                                                          **COMMERCIAL DIVISION**

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have
received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of
this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-
ONE (21) days, a judgment may be entered against you. Please be aware of Act 174 of the 2021 regular
session of the Louisiana Legislature which changed delays for answering. The full text of this bill can be
found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date February 23, 2023.

    *Also-attached are the following:            **MIKE SPENCE, CLERK OF COURT**

    —————                                       By: _Hamel Harper_____
                                                            Deputy Clerk

                                                            _R WILLIAM HUYE III_____
                                                            Attorney

                                                            A TRUE COPY - - ATTEST

                                                            _Hamel Harper_____
                                                            Deputy Clerk

These documents mean you have been sued. Legal assistance is advisable, and you should contact a lawyer
immediately. If you cannot find a lawyer, please go to www.shreveportbar.com and click on the Lawyer
Referral Service link, or go to the Shreveport Bar Center on the third Monday of each month from 5:30 -
7:30 for a free seminar. If eligible, you may be entitled to legal assistance at no cost to you through
Shreveport Bar Legal Aid. Please call 318-222-7186 for more information.

If you are a person with a disability, please contact the Clerk of Court's office for information regarding
accommodation and assistance.

**SERVICE COPY**