UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LAFRENIERE MORRIS**<br>*Plaintiff* | **CIVIL ACTION NO: 5:23-cv-00447-SMH-MLH** |
| **VERSUS** | |
| **FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN**<br>*Defendant* | **JUDGE S. MAURICE HICKS, JR.**<br><br>**MAGISTRATE JUDGE MARK L. HORNSBY** |

ANSWER TO COMPLAINT
AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, which in answer to the plaintiff's complaint hereby denies each and every allegation contained therein, except those which may be specifically admitted and further sets forth its affirmative defenses as follows:

FIRST DEFENSE

Defendant affirmatively maintains that satisfactory proof of loss has not been provided for any payments under the policy.

SECOND DEFENSE

Defendant affirmatively maintains that plaintiff has an ongoing duty to mitigate his damages and protect the property from further damage.

THIRD DEFENSE

Defendant affirmatively maintains that plaintiff's policy is a **named perils policy** that only

provides coverage for specific perils listed in the policy, and there is no coverage for frozen pipes, weight of ice/snow, or resulting damages from same.

## FOURTH DEFENSE

Defendant affirmatively maintains that certain claimed damages are not covered by the insuring agreement as they were not caused by a listed insured peril. Furthermore, the policy explicitly excludes damage caused by power, heating, and/or utility failure as noted in the following, non-exclusive policy provisions:

> **SECTION I — Exclusions**
>
> We do not insure loss caused directly or indirectly by any of the following regardless of any other cause or event contributing concurrently or in any sequence to the loss:
>
> …
>
> 8. Loss caused by power, heating or utility failure or interruption unless the failure or interruption results from direct physical damage to power or utility equipment on your **premises** caused by an Insured Peril.

## FIFTH DEFENSE

Defendant affirmatively maintains that the policy at issue provides only actual cash value coverage. *Actual cash value* is based on replacement cost less any applicable depreciation for age, useful life, and condition. Replacement cost is the amount needed to replace a damaged item with a new, similar item, or to repair it. To arrive at the actual cash value of an item, we subtract the depreciation from the replacement cost. Any depreciation withheld is not recoverable.

## SIXTH DEFENSE

Defendant affirmatively maintains that the policy at issue contained a Reduction in Coverage When Vacant or Unoccupied clause, specifically stating:

"The Amount of Insurance shown on the Declarations Page is reduced to 60% of the amounts shown any time the dwelling on your **premises** is **vacant** or **unoccupied** for a period of 60 days or more."

### SEVENTH DEFENSE

Defendant affirmatively maintains that the policy does not provide coverage for "Other Structures."

AND NOW, answering each allegation set forth in the Complaint, this defendant respectfully avers:

### PARTIES

1.

In response to the allegations in paragraph 1, defendant maintains that at all times pertinent hereto it had a certain policy of homeowners insurance which extended certain coverages to plaintiff for the property located at 3216 Junior Place, Shreveport, Louisiana 71109. Defendant maintains that the insuring agreement issued to plaintiff is a contract with numerous terms, conditions, and exclusions. Thus, defendant refers and adopts the explicit language in said policy and declaration page as if copied *in extenso*. To the extent that plaintiff's allegations contradict the policy's terms and conditions, defendant explicitly denies coverage and further denies any liability to plaintiff. The remaining allegations contained in paragraph 1 of the complaint are denied for lack of information sufficient to justify a belief therein.

2.

The allegations contained in paragraph 2 of the complaint are admitted as to this defendant's legal status and its agent for service of process. However, defendant denies any liability to plaintiff.

## JURISDICTION AND VENUE

3.

In response to the allegations contained in paragraph 3, defendant avers that based on the plaintiff's allegations as to what plaintiff believes is owed, as well as the citizenship of the parties, subject matter jurisdiction is properly vested with this Court. However, defendant affirmatively denies that plaintiff is owed any monetary amounts.

4.

In response to the allegations contained in paragraph 4 of the complaint, defendant admits this Court, based on the facts outlined herein, has personal jurisdiction over this defendant. However, defendant denies that it owes any monetary amounts to plaintiff.

5.

In response to the allegations contained in paragraph 5 of the petition, venue is properly vested with this Court as detailed in defendant's previously-filed Removal pleadings [R. Doc. 1]. Further, defendant denies any liability to plaintiff.

## FACTUAL BACKGROUND

6.

In response to the allegations contained in paragraph 6 of the complaint, defendant admits that it had in full force and effect, at the times noted in the Complaint, a policy of insurance which provided certain coverages for the property identified as 3216 Junior Place, Shreveport, Louisiana 71109. To the extent that any allegation in this paragraph contradicts the language in the policy, defendant explicitly denies said allegation.

7.

In response to the allegations contained in paragraph 7 of the complaint, defendant admits to providing a certain policy of homeowners insurance which extended certain coverages to plaintiff for the property located at 3216 Junior Place, Shreveport, Louisiana 71109.  Defendant maintains that the insuring agreement issued to plaintiff is a contract with numerous terms, conditions, and exclusions.  Thus, defendant refers and adopts the explicit language in said policy and declaration page as if copied *in extenso*.  To the extent that plaintiff's allegations contradict the policy's terms and conditions, defendant explicitly denies coverage.

8.

In response to the allegations contained in paragraph 8 of the complaint, defendant admits to providing a certain policy of homeowners insurance which extended certain coverages to plaintiff for the property located at 3216 Junior Place, Shreveport, Louisiana 71109.  Defendant maintains that the insuring agreement issued to plaintiff is a contract with numerous terms, conditions, and exclusions.  Thus, defendant refers and adopts the explicit language in said policy and declaration page as if copied *in extenso*.  To the extent that plaintiff's allegations contradict the policy's terms and conditions, defendant explicitly denies coverage.

9.

In response to the allegations contained in paragraph 9, defendant admits Winter Storm Uri created a weather event in Louisiana on or about February 16, 2021, however, the remaining allegations in paragraph 9 are denied.

10.

In response to the allegations contained in paragraph 10 of the complaint, defendant admits to providing a certain policy of homeowners insurance which extended certain coverages to

plaintiff for the property located at 3216 Junior Place, Shreveport, Louisiana 71109. Defendant maintains that the insuring agreement issued to plaintiff is a contract with numerous terms, conditions, and exclusions. Thus, defendant refers and adopts the explicit language in said policy and declaration page as if copied *in extenso*. Defendant maintains that its policy did not provide coverage for the event or damages outlined in plaintiff's complaint.

11.

The allegations in paragraph 11 are denied for lack of information sufficient to justify a belief therein.

12.

The allegations in paragraph 12 of the complaint are denied.

13.

The allegations contained in paragraph 13 of the complaint are denied.

14.

The allegations contained in paragraph 14 of the complaint are denied.

15.

The allegations contained in paragraph 15 of the complaint are denied.

16.

The allegations contained in paragraph 16 of the complaint are denied.

17.

The allegations contained in paragraph 17 of the complaint are denied.

## **BREACH OF CONTRACT**

18.

In response to the allegations contained in paragraph 18 of the complaint, defendant

reavers, realleges, and reincorporates by reference each and every response to each and every allegation contained in paragraphs 1 – 17 of this Original Complaint, including defendant's affirmative defenses.

19.

In response to the allegations contained in paragraph 19 of the complaint, defendant admits to providing a certain policy of homeowners insurance which extended certain coverages to plaintiff for the property located at 3216 Junior Place, Shreveport, Louisiana 71109. Defendant maintains that the insuring agreement issued to plaintiff is a contract with numerous terms, conditions, and exclusions. Thus, defendant refers and adopts the explicit language in said policy and declaration page as if copied *in extenso*. To the extent that plaintiff's allegations contradict the policy's terms and conditions, defendant explicitly denies any coverage or liability to plaintiff.

20.

In response to the allegations contained in paragraph 20 of the complaint, defendant admits to providing a certain policy of homeowners insurance which extended certain coverages to plaintiff for the property located at 3216 Junior Place, Shreveport, Louisiana 71109. Defendant maintains that the insuring agreement issued to plaintiff is a contract with numerous terms, conditions, and exclusions. Thus, defendant refers and adopts the explicit language in said policy and declaration page as if copied *in extenso*. To the extent that plaintiff's allegations contradict the policy's terms and conditions, defendant explicitly denies any liability to plaintiff.

21.

The allegations contained in paragraph 21 of the complaint are denied.

22.

The allegations contained in paragraph 22 of the complaint are denied.

23.

The allegations contained in paragraph 23 of the complaint are denied.

24.

The allegations contained in paragraph 24 of the complaint are denied.

### STATUTORY VIOLATIONS AND PENALTIES UNDER LA. R.S. 22:1892 and LA. R.S. 22:1973

25.

In response to the allegations contained in paragraph 25 of the complaint, defendant reavers, realleges, and reincorporates by reference each and every response to each and every allegation contained in paragraphs 1 – 24 of this Original Complaint, including defendant's affirmative defenses.

26.

In response to the allegations contained in paragraph 26, defendant adopts the entirety of La. Rev. Stat. 22: 1892 as if copied in extenso. To the extent that any allegation in this paragraph misstates the substance of La. Rev. Stat. 22: 1892, said allegation is explicitly denied. Further, defendant denies violating any provision of this statute.

27.

The allegations contained in paragraph 27 of the complaint are denied.

28.

The allegations contained in paragraph 28 of the complaint are denied.

29.

The allegations contained in paragraph 29 of the complaint are denied.

30.

In response to the allegations contained in paragraph 30, defendant adopts the entirety of

La. Rev. Stat. 22: 1973 as if copied in extenso. To the extent that any allegation in this paragraph misstates the substance of La. Rev. Stat. 22: 1973, said allegation is explicitly denied. Further, defendant denies violating any provision of this statute.

31.

The allegations contained in paragraph 31 of the complaint are denied.

32.

The allegations contained in paragraph 32 of the complaint are denied.

33.

The allegations contained in paragraph 33 of the complaint are denied.

34.

The allegations contained in paragraph 34 of the complaint are denied.

35.

The allegations in this paragraph do not require an admission or denial by this defendant.

## **JURY DEMAND**

36.

Defendant demands and is entitled to a trial by jury.

WHEREFORE, defendant, FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, prays as follows, to-wit:

That this answer to the original complaint of petitioners be deemed good and sufficient and that after all due proceedings had that there be judgment rendered herein in favor of defendant, and dismissing plaintiff's claims at plaintiff's costs;

FURTHER reserve their right to file an amended answer upon the completion of additional discovery;

FURTHER prays for a trial by jury;

FURTHER PRAYS for all necessary orders and decrees and for just and equitable relief.

Baton Rouge, Louisiana, this 12th day of April, 2023.

Respectfully Submitted:

**KINCHEN, WALKER, BIENVENU, BARGAS, REED & HELM, L.L.C.**
Two United Plaza, Suite 202
8550 United Plaza Boulevard
Baton Rouge, LA 70809
Phone: 225.292.6704
Direct: 225.923.7843
Fax:   225.292.6705
Email: vbargas@kwbbrlaw.com
       bharrell@kwbbrlaw.com
       kmarchand@kwbbrlaw.com
       mlefranc@kwbbrlaw.com

BY:   */s/ VALERIE BRIGGS BARGAS*
      **VALERIE BRIGGS BARGAS**
      Louisiana Bar Roll Number 27392
      **BRIAN W. HARRELL**
      Louisiana Bar Roll Number 28439
      **KOLBY P. MARCHAND**
      Louisiana Bar Roll Number 38336
      **MAHALIE L. KYZAR**
      Louisiana Bar Roll Number 39255

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and pleading has been electronically filed on April 12, 2023, with the Clerk of Court using the CM/ECF system. Notice of this filing will be forwarded to the following attorney via the Court's Electronic Filing System:

Mr. R. William Huye, III
Mr. Claude F. Reynaud, III
Mr. Cameron Snowden
Mr. Grant Gardiner
McCLENNY, MOSELEY & ASSOCIATES, PLLC
1820 St. Charles Avenue
Suite 110
New Orleans, LA 70130
Houston, Texas 77002
Facsimile: 713.322.5953
Email: William@mma-pllc.com
Email: Claude@mma-pllc.com
Email: Cameron@mma-pllc.com
Email: Ggardiner@mma-pllc.com

       */s/ VALERIE BRIGGS BARGAS*
       **VALERIE BRIGGS BARGAS**